E-FILED
Thursday, 05 January, 2012   10:43:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLYDE WALLACE BEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3408 |
| | ) | |
| DR. HUGH LOCHARD, ADVANCED INCARCERATION HEALTHCARE, SERGEANT CLEMONS, CORRECTIONAL OFFICERS VINCENT FOX and JOHN KIRBY, | ) ) ) ) ) ) | |
| | ) | |
|    Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Sangamon County Jail, pursues claims arising from events occurring at the Jail after he broke his hand.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to

1

state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at

555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he broke his hand in June 2011, while detained in the Sangamon County Jail. He was placed in a "freezing" holding cell for over two hours with no mattress, blanket, or tissue. Plaintiff was taken to the hospital and was prescribed the pain reliever Narco. When Plaintiff returned to the Jail, Dr. Lochard[1] substituted ibuprofen for the Narco to save money, but the ibuprofen did not relieve Plaintiff's pain. Plaintiff repeatedly complained of his pain, but Dr. Lochard refused to see Plaintiff or provide Plaintiff with Narco. However, a white female detainee was permitted to have Narco.

Plaintiff also alleges that he was placed in segregation by Defendants Fox, Kirby, and Clemons, instead of being placed in the medical unit, which had room for Plaintiff. Plaintiff contends that this was done to punish him and discriminate against him. A white male detainee who came to the Jail after Plaintiff was injured was placed in the medical unit, but Plaintiff was not.

## ANALYSIS

---

[1] Plaintiff spells the doctor's name "Lochart," but the Court believes the correct spelling to be "Hughes Lochard," based on this Court's experience in other cases. *See, e.g.,* Maxey v. Lochard, 09-3237 (C.D. Ill., Judge Baker).

The Court presumes that Plaintiff is a pretrial detainee, which means that his claim arises from the Fourteenth Amendment's Due Process Clause, but the analysis is essentially indistinguishable from an Eighth Amendment analysis. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). A pretrial detainee must allege facts to plausibly suggest deliberate indifference to a serious medical need. Chapman, 241 F.3d at 845.

At this point the Court cannot rule out a plausible due process claim against Dr. Lochard for the refusal to dispense prescribed pain medicine. Pain can be a serious need, depending on its severity and duration. *See* Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010)("[A] non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition."). Additionally, deliberate indifference might be inferred from the refusal to follow a specialist's treatment prescriptions and deliberately ignoring complaints of pain, though professional disagreements will not amount to deliberate indifference. Gil v. Reed, 381 F.3d 649, 663-64 (7th Cir. 2004); Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996).

Liberally construed, Plaintiff also seems to allege that Dr. Lochard's refusal to give Plaintiff the pain reliever Narco was racially motivated. Accordingly, the

4

Court also construes an equal protection claim against Dr. Lochard.

However, Plaintiff states no plausible claim against Defendant "Advanced Incarceration Healthcare," Dr. Lochard's alleged employer. This entity cannot be liable for Dr. Lochard's treatment decisions simply because it employs Dr. Lochard. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation). Liability attaches only if the employer had an unconstitutional policy or practice that caused the constitutional deprivation. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). No plausible inference arises that Dr. Lochard's prescription decisions were based on such a policy.

As for Plaintiff's placement in segregation instead of the medical unit, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. . . . But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437 (7th Cir. 2002)(citations omitted). The record is too undeveloped to determine why Plaintiff was placed in segregation. Additionally, Plaintiff alleges that the decision was racially motivated. Accordingly, Plaintiff may proceed on the segregation claim as well.

5

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states due process and equal protection claims against: 1) Dr. Lochard, for refusing to provide Plaintiff with prescribed pain medicine; and 2) Defendants Fox, Kirby and Clemons[2] for placing Plaintiff in segregation. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant "Advanced Incarceration Healthcare" is dismissed.

3) The clerk is directed to remove "Hugh Doctor" from the caption. This is the same person as Dr. Lochard.

4) The clerk is further directed to correct Dr. Lochard's spelling in the caption.

5) This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local

---

[2]Plaintiff spells this name "Cleamons," but the Court believes from prior cases that the correct spelling is "Clemons." *See, e.g.,* Taylor v. Williamson, 11-3224 (C.D. Ill., Judge Myerscough)("Gregory Clemons" identified as defendant).

Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) The merit review hearing scheduled for January 17, 2012, is cancelled as unnecessary. The clerk is directed to vacate the writ and to notify the Jail of the cancellation.

ENTERED: January 5, 2012

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE